1

2

3

4

5                **UNITED STATES DISTRICT COURT**

6                     **DISTRICT OF NEVADA**

7

8 HANNELORE M HOFFMAN,         )      3:11-CV-00201-ECR-WGC
                          )

9       Plaintiff,           )      **Order**
                          )

10 vs.                          )
                          )

11 COUNTRYWIDE HOME LOANS, INC.;   )
 RECONTRUST COMPANY, N.A.;     )

12 MORTGAGE ELECTRONIC REGISTRATION  )
 SYSTEMS, INC. [MERS]; FIRST    )

13 AMERICAN TITLE; CHARLOTTE OLMOS;  )
 and DOES 1-25 CORPORATIONS, DOES  )

14 and ROES 1-25 Individuals,     )
 Partnerships, or anyone claiming  )

15 any interest to the property     )
 described in the action       )

16                          )
       Defendants.         )

17                          )
 _____)

18

19     Plaintiff is a homeowner who alleges that she is the victim of

20 a predatory lending scheme perpetrated by Defendants.  Plaintiff

21 asserts the following claims for relief: (1) Debt Collection

22 Violations; (2) Violation of Unfair and Deceptive Trade Practice

23 Act; (3) Violation of Unfair Lending Practices, N.R.S. 598D.100; (4)

24 Violation of the Covenant of Good Faith and Fair Dealing; (5)

25 Violation of NRS 107.080 et seq.; (6) Quiet Title Action; (7) Fraud

26 in the Inducement and Through Omission; (8) Slander of Title; (9)

27 Abuse of Process.  Now pending is Defendants Countrywide Home Loans,

28 Inc. ("Countrywide"), ReconTrust Company, N.A. ("ReconTrust"), and

Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss for failure to state a claim and to expunge lis pendens (#11).

## I. Factual Background

Plaintiff took out a loan in the amount of $580,000.00 (the "loan") memorialized by a deed of trust dated April 22, 2005 (the "deed of trust"), naming Defendant Countrywide as Lender, Defendant ReconTrust as Trustee, and Defendant MERS as Beneficiary, with respect to the real property located at 6281 Copper Ridge Circle, Reno, NV 89511 (Compl. at ¶¶ 3-5 (#1-3).)  Stewart Title of Northern Nevada recorded the deed of trust on August 28, 2005 as Document No. 3205653.  (Id. at ¶ 4.)

Defendant ReconTrust executed a Notice of Default/Election to Sell under the deed of trust, signed by Defendant Charlotte Olmos ("Olmos") as agent of ReconTrust and recorded by First American National Default on April 1, 2009 as Document No. 3745070.  (Id. at ¶ 7.)

On July 6, 2009, Defendant ReconTrust executed the first Notice of Trustee's Sale setting a sale date for July 27, 2009.  (Id. at ¶ 8.)  The first Notice of Trustee's Sale was recorded by First American National Default on July 7, 2009 as Document No. 3778996. (Id.)  On November 2, 2009, Defendant ReconTrust executed a second Notice of Trustee's Sale setting a sale date for November 23, 2009, which was recorded by First American National Default on November 3, 2009 as Document No. 3817908.  (Id. at ¶ 9).  On June 8, 2010,

Defendant ReconTrust executed a third Notice of Trustee's Sale setting a sale date for June 28, 2010, which was recorded by First American National Default on June 10, 2010 as Document No. 3890135. (Id. at ¶ 10.)  On August 20, 2010, Defendant ReconTrust executed a fourth Notice of Trustee's Sale setting a sale date for September 10, 2010, which was recorded by First American National Default on August 24, 2010 as Document No. 3914864.  (Id. at ¶ 11.)

## II. Procedural Background

On February 7, 2011, Plaintiff filed a complaint (#1-3) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.  On March 17, 2011, Defendants, Countrywide, ReconTrust, and MERS filed a petition for removal (#1) to this Court.

On April 15, 2011, Defendants Countrywide, ReconTrust, and MERS filed a motion to dismiss for failure to state a claim and to expunge lis pendens (#11).  Plaintiff responded (#14) on May 3, 2011.  Defendants replied (#15) on May 13, 2011.

## III. Legal Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly,

550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.  The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

    After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

4

**IV. Discussion**

**A. Defendants' Motion to Dismiss (#11)**

Defendants Countrywide, ReconTrust, and MERS filed a motion to dismiss (#11) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

1. Debt Collection Violations

Plaintiff's first claim that Defendants' initiation of non-judicial foreclosure of the property at issue violates the federal Fair Debt Collection Practices Act ("FDCPA") as incorporated into Nevada Revised Statutes § 649.370 fails as a matter of law.  At the threshold, Plaintiff must establish that Defendants are debt collectors within the meaning of the FDCPA.  The FDCPA defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This definition specifically excludes any person who collects debts "to the extent such activity . . . (ii) concerns debt which was originated by such person; [or] (iii) concerns a debt which is not in default at the time it is obtained by such person."  15 U.S.C. § 1692a(6)(F).

Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA.  Fitzgerald v. Clarion Mortg. Capital, No. 3:10-cv-766, 2011 WL 2633502 at *5 (D. Nev. July 5, 2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-CV-210,

5

2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002). Moreover, liability under Chapter 649 of the Nevada Revised Statutes ("NRS") is premised on liability under the FDCPA. Nev. Rev. Stat. § 649.370. Because Plaintiff's FDCPA claim fails as a matter of law, any claim made pursuant to Nevada law must also fail. Thus, this Court dismisses Plaintiff's first claim for debt collection violations. Furthermore, because the Court finds that amendment would be futile, Plaintiff will be denied leave to amend.

### 2. Violation of Unfair and Deceptive Trade Practice Act

Plaintiff's second claim for violation of Nevada's Unfair and Deceptive Trade Practice Act, NRS § 598.0923, also fails as a matter of law and verges on frivolity. According to the statute, a person engages in deceptive trade practices when, in the course of his or her business or occupation he or she knowingly conducts the business or occupation without all required state, county, or city licenses. Nev. Rev. Stat. § 598.0923(1). However, the statutes make explicit that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. Nev. Rev. Stat. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempted from acquiring licenses in this mortgage foreclosure case, the Court dismisses Plaintiff's

second cause of action.  Furthermore, this claim will be dismissed with prejudice because the Court finds that amendment would be futile.

### 3. Unfair Lending Practices

Plaintiff's third claim for violation of Nevada's Unfair Lending Practices Act, NRS § 598D.100,  is time-barred.  The statute of limitations for "[a]n action upon a liability created by statute" is three years.  Nev. Rev. Stat. § 11.190 (3)(a).  Plaintiff obtained the loan at issue in 2005 and filed the complaint (#1-3) in 2011. Plaintiff's claim for unfair lending practices is therefore untimely and must be dismissed with prejudice as amendment would be futile.

### 4. Violation of the Covenant of Good Faith and Fair Dealing

Plaintiff's fourth claim also fails.  Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract.  Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991).  To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (i) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified

7

1  expectations were denied.  <u>Fitzgerald</u>, 2011 WL 2633502 at *6 (citing

2  <u>Perry v. Jordan</u>, 900 P.2d 335, 338 (Nev. 1995)).

3       Plaintiff makes undifferentiated claims that all Defendants

4  breached the implied covenant by "luring" Plaintiff into the loan,

5  collecting on the loan, sending Plaintiff notices related to the

6  loan, and qualifying her for the loan. (Compl. ¶ 91 (#1-3).)

7  Plaintiff further alleges that Defendants breached the covenant when

8  they "offered the Plaintiff consideration for loan modifications,

9  told her that the foreclosures would be postponed but they were

10  not." (<u>Id.</u> at ¶ 92.)  Plaintiff has failed, however, to allege a

11  single fact that would establish that the manner in which Defendants

12  complied with the contracts at issue contravened the intention or

13  spirit of the contracts.  Plaintiff's claim for breach of the

14  implied covenant of good faith and fair dealing will therefore be

15  dismissed.

16       5. Violation of NRS § 107.080 et seq.

17       Plaintiff's claim that the foreclosure on her home is wrongful

18  rests primarily on the argument that Defendants have no right to

19  foreclose upon the property because they have not produced the

20  original note to prove the identity of the real party in interest.

21  (<u>See</u> <u>id.</u> at 32-34.)  Plaintiff also alleges that her obligations

22  under the notes and deeds of trust were discharged when the notes

23  were securitized.  (<u>Id.</u> at 34.)

24       An action for the tort of wrongful foreclosure will lie only

25  "if the trustor or mortgagor can establish that at the time the

26  power of sale was exercised or the foreclosure occurred, no breach

27

28                                    8

of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cole v. CIT Grp./Consumer Fin., Inc., No. 53561, 2010 WL 5134999, at *1 (Nev. Dec. 9, 2010) ("[A] viable wrongful foreclosure claim requires that [Plaintiff] demonstrate that he had not breached his obligations under the notes when the foreclosure proceedings were instituted."). Plaintiff has failed to allege that she is not in breach of the loan agreements.  Furthermore, no foreclosure or sale of Plaintiff's home has occurred, and therefore a claim for wrongful foreclosure will not lie.  See Haley v. Elegen Home Lending, LP, No. 3:10-cv-00046-LRH-RAM, 2010 WL 1006664, at *1-2 (D.Nev. Mar. 16, 2010) ("A claim for wrongful foreclosure does not arise until the power of sale is exercised.").  Finally, "NRS 107.080 does not provide plaintiff homeowners with a private right of action for tort damages." Berilo v. HSBC Mortg. Cop., USA, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218, at *3 (D.Nev. June 29, 2010).  As such, Plaintiff's claim for wrongful foreclosure fails as a matter of law and must be denied with prejudice as amendment would be futile.

        6. Quiet Title

    In Nevada, a quiet title action maybe brought "by any person against another who claims an . . . interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim."  NEV. REV. STAT. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to

1   prove good title in himself.  Breliant v. Preferred Equities Corp.,
2   918 P.2d 314, 318 (Nev. 1996).  "Additionally, an action to quiet
3   title requires a plaintiff to allege that she has paid any debt owed
4   on the property."  Lalwani v. Wells Fargo Bank, N.A., No. 2-11-CV-
5   0084, 2011 WL 4574388, at *3 (D. Nev. Sept. 30, 2011) (citing
6   Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2
7   (Cal. App. 2d June 1, 2011)).  Here, Plaintiff has failed to allege
8   that she is not in breach of the loan agreement and has alleged no
9   facts demonstrating good title in herself  In fact, Plaintiff admits
10  that she encumbered the property.  (Compl. ¶¶ 3-7 (#1-3).)
11  Accordingly, the quiet title claim must be dismissed.  Furthermore,
12  this claim will be dismissed with prejudice because the Court finds
13  that amendment would be futile.

14       7. Fraud in the Inducement and Through Omission

15       In order to state a claim for fraud in the inducement, a
16  plaintiff must show that the defendant knowingly made a false
17  representation with the intent to induce the plaintiff to consent to
18  the contract's formation.  J.A. Jones Constr. Co. v. Lehrer McGovern
19  Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004).  "In alleging fraud or
20  mistake, a party must state with particularity the circumstances
21  constituting fraud or mistake."  FED. R. CIV. P. 9(b).  In order to
22  meet the heightened pleading requirements, a plaintiff must specify
23  the time, place, and content of the misrepresentation as well as the
24  names of the parties involved.  See Yourish v. Cal. Amplifier, 191
25  F.3d 983, 993 n. 10 (9th Cir. 1999).  In a case with multiple
26  defendants, "Rule 9(b) does not allow a complaint to merely lump

27

28                                      10

1   multiple defendants together but requires plaintiffs to
2   differentiate their allegations when suing more than one defendant
3   and inform each defendant separately of the allegations surrounding
4   his alleged participation in the fraud." Swartz v. KPMG LLP, 476
5   F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and
6   citation omitted).

7       Plaintiff's claims fail to satisfy the heightened pleading
8   standard of Rule 9(b).  Plaintiff's allegations in support of these
9   claims are vague and entirely conclusory.  For this reason,
10  Plaintiffs' claim for fraud in the inducement must be dismissed.

11      Under Nevada law, a claim for fraudulent concealment must plead
12  that defendant concealed or suppressed a material fact that he or
13  she was under a duty to disclose to the plaintiff. Nev. Power Co.
14  v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing
15  Nevada Jury Instruction 9.03).  Like many of Plaintiff's claims,
16  this claim fails on its face because it is well-settled that lenders
17  and servicers owe no fiduciary duties to mortgage borrowers. Megino
18  v. Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev.
19  Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors
20  Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled
21  on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d
22  865 (9th Cir. 2007)); see also Kwok v. Recontrust Co., No. 2:09-cv-
23  02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel v.
24  Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev.
25  June 23, 2010); Renteria v. United States, 452 F.Supp.2d 910, 922-23
26  (D. Ariz. 2006) (holding that borrowers cannot establish the

27

28                                11

1  reliance element of their claim because lenders have no duty to
2  determine the borrower's ability to repay the loan); <u>Oaks Mgmt.</u>
3  <u>Corp. v. Superior Court of San Diego Cty.</u>, 51 Cal. Rptr. 3d 561, 570
4  (Cal. Ct. App. 2006).

5      Plaintiff's allegations in support of these claims are vague
6  and conclusory, asserting only that Defendants failed to disclose
7  certain facts about the inner workings of the mortgage industry,
8  that Plaintiffs were not qualified for the loans, and that
9  Defendants had no right to foreclose on the property.  Moreover,
10 Plaintiff cannot show that Defendants owed Plaintiff a duty to
11 disclose these alleged facts.  For this reason, Plaintiff's claim
12 for fraud through omission must be dismissed with prejudice as
13 amendment would be futile.

14      8. Slander of Title

15      As her eighth claim for relief, Plaintiff alleges that
16 Defendants slandered Plaintiff's title by recording the Notice of
17 Default.  To succeed on a slander of title claim, a plaintiff must
18 show "false and malicious communications, disparaging to one's title
19 in land, and causing special damages."  <u>Exec. Mgmt., Ltd. v. Ticor</u>
20 <u>Title Co.</u>, 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiff has
21 failed to state a claim because it is undisputed that Plaintiff is
22 in default.  <u>See</u> <u>Sexton v. IndyMac Bank FSB</u>, No. 3:11-cv-437, 2011
23 WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to
24 state a claim because it is undisputed that Plaintiffs are in
25 default."); <u>Ramos v. Mortg. Elec. Registrations Sys., Inc.</u>, No.
26 2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009)
27

28                                    12

1   (dismissing slander of title claim where Plaintiffs failed to
2   dispute that they were in default on their loan, nor was it false
3   that the property was to be sold at a trustee's sale).  In filing
4   the Notice of Default, Defendants stated that Plaintiff was in
5   breach of the loan agreement due to nonpayment.  Again, Plaintiff
6   does not dispute that she is, in fact, in default.  Because the
7   statement is not false, Defendants cannot be liable for slander of
8   title.  Furthermore, this claim must be dismissed with prejudice
9   because leave to amend would be futile.

10        9. Abuse of Process

11        Plaintiff's claim for abuse of process fails because non-
12   judicial foreclosure is not the type of "process" addressed by the
13   abuse of process tort as, by definition, it does not involve
14   judicial action.  Riley v. Greenpoint Mortg. Funding, Inc., No.
15   2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); see also
16   Barlow v. BNC Mortg., Inc., No. 3:11-CV-0304, 2011 WL 4402955 at *4
17   (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is
18   a non-judicial foreclosure which is not the characteristic legal
19   action contemplated by an abuse of process claim . . . Therefore,
20   the court finds that [Plaintiff] has failed to state a claim for
21   abuse of process.") (citation omitted).  Accordingly, Plaintiff's
22   abuse of process claim must be dismissed with prejudice.

23   **B. Leave to Amend**

24        Pursuant to Federal Rule of Civil Procedure 15(a), leave to
25   amend is to be "freely given when justice so requires."  In general,
26   amendment should be allowed with "extreme liberality."  Owens v.
27
28                                    13

1  Kaiser Found. Health Plan, Inc., 244 F.3d 708 712 (9th Cir. 2001)
2  (quoting Morongo Band of Missions Indians v. Rose, 893 F.2d 1074,
3  1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith,
4  dilatory motive, undue prejudice, or futility of amendment are
5  present, leave to amend may properly be denied in the district
6  court's discretion.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d
7  1048, 1051-52 (9th Cir. 2003).  Because the Court finds that
8  amendment with regard to Plaintiff's first, second, third, fifth,
9  eight, and ninth claims, and the portion of the seventh claim
10 relating to fraud in the inducement of action would prove futile,
11 leave to amend these claims will be denied.
12      However, in light of the liberal spirit of Rule 15(a),
13 Plaintiffs should have an opportunity to amend their complaint with
14 regard to her fourth, and sixth claims, and the portion of the
15 seventh claim regarding fraud through omission.  There is no reason
16 why Plaintiffs could not cure some of the deficiencies we have noted
17 here, such as the conclusory and vague allegations against
18 undifferentiated defendants.  Should Plaintiff choose to do so,
19 however, she shall plead facts, as opposed to legal conclusions.  If
20 the amended complaint is similarly deficient, we will be forced to
21 conclude that leave to further amend would be futile.
22 **C. Defendants' Motion to Expunge Lis Pendens (#11)**
23      Nevada statutory law allows a Notice of Pendency or a Lis
24 Pendens to be filed for an action pending in the United States
25 District Court for the District of Nevada when there is "a notice of
26 an action affecting real property, which is pending," in any such
27
28                                   14

1  court.   Nev. Rev. Stat. § 14.010(2).  As this Order dismisses this
2  action, Defendants Countrywide, ReconTrust, and MERS's motion to
3  expunge lis pendens (#11) is granted.  See McKinnon v. IndyMac Bank
4  F.S.B., No. 2:11-CV-00607-KJD-GWF, 2012 WL 194426, at *5 (D.Nev.
5  Jan. 23, 2012) (granting motion to expunge lis pendens after
6  dismissing all claims).

7

8                          **V. Conclusion**

9       Plaintiff's claims fail on their face and the majority must be
10 dismissed with prejudice.  However, Plaintiff will have a chance to
11 amend the complaint in light of the liberal spirit of Federal Rule
12 of Civil Procedure 15.

13

14      **IT IS, THEREFORE, HEREBY ORDERED** that Defendants Countrywide,
15 ReconTrust, and MERS's motion to dismiss (#11) is **GRANTED**.

16      **IT IS FURTHER ORDERED** that Defendants Countrywide, ReconTrust,
17 and MERS' motion to expunge lis pendens (#11) is **GRANTED**.

18      **IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14)
19 days within which to file an amended complaint pursuant to the
20 provisions of this Order.

21

22

23 DATED: March 19, 2012.

24                                      _Edward C. Reed._

25                                      UNITED STATES DISTRICT JUDGE

26

27

28                          15