# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HANNELORE M HOFFMAN,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC.; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS]; FIRST AMERICAN TITLE; CHARLOTTE OLMOS; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action,

    Defendants.

3:11-cv-00201-RCJ-WGC

**ORDER**

Currently before the Court is Defendants' Motion (#34, 35) to Dismiss Amended Complaint (#33) and Strike Fraud Through Omission Claim.

## BACKGROUND

Plaintiff took out a loan in the amount of $580,000.00 (the "loan") memorialized by a deed of trust dated April 22, 2005 (the "deed of trust"), naming Defendant Countrywide as Lender, Defendant ReconTrust as Trustee, and Defendant MERS as Beneficiary, with respect to the real property located at 6281 Copper Ridge Circle, Reno, NV 89511 (Am. Compl. at ¶¶ 3-5 (#33).) Stewart Title of Northern Nevada recorded the deed of trust on August 28, 2005 as Document No. 3205653. (Id. at ¶ 4.)

Defendant ReconTrust executed a Notice of Default/Election to Sell under the deed of

trust, signed by Charlotte Olmos[1] ("Olmos") as agent of ReconTrust and recorded by First American National Default on April 1, 2009 as Document No. 3745070. (Id. at ¶ 6.)  On July 6, 2009, Defendant ReconTrust executed the first Notice of Trustee's Sale setting a sale date for July 27, 2009. (Id. at ¶ 7.)  The first Notice of Trustee's Sale was recorded by First American National Default on July 7, 2009 as Document No. 3778996. (Id.)  On November 2, 2009, Defendant ReconTrust executed a second Notice of Trustee's Sale setting a sale date for November 23, 2009, which was recorded by First American National Default on November 3, 2009 as Document No. 3817908. (Id. at ¶ 8.)  On June 8, 2010, Defendant ReconTrust executed a third Notice of Trustee's Sale setting a sale date for June 28, 2010, which was recorded by First American National Default on June 10, 2010 as Document No. 3890135. (Id. at ¶ 9.) On August 20, 2010, Defendant ReconTrust executed a fourth Notice of Trustee's Sale setting a sale date for September 10, 2010, which was recorded by First American National Default on August 24, 2010 as Document No. 3914864. (Id. at ¶ 10.)

On February 7, 2011, Plaintiff filed a complaint (#1-3) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.  On March 17, 2011, Defendants Countrywide, ReconTrust, and MERS filed a petition for removal (#1) to this Court.

On March 19, 2012, the Court granted (#24) Defendants Countrywide, ReconTrust, and MERS's motion to dismiss (#11) the complaint (#1-3), but granted Plaintiff leave to amend her covenant of good faith and fair dealing claim, quiet title claim, and fraud through omission claim. The Court, upon request (#25) by Defendants, clarified (#28) the previous Order (#24), which should not have granted Plaintiff leave to amend her quiet title and fraud through omission claims, as those were dismissed with prejudice.  The Court also issued an Amended Order (#29), providing that Plaintiff may file an amended complaint alleging claims for breach of the covenant of good faith and fair dealing and fraud in the inducement.

On May 17, 2012, Plaintiff filed an amended complaint (#33) alleging claims for: (1)

---

[1] While Charlotte Olmos is included in the caption of this action, it is not apparent whether Olmos was ever served.  What is apparent is that there are no viable claims against Charlotte Olmos, and no such claims were pled in the amended complaint presently before the Court.

violation of the covenant of good faith and fair dealing, and (2) fraud in the inducement and through omission. On June 4, 2012, Defendants Countrywide, ReconTrust, and MERS filed a "Motion to Dismiss Amended Complaint [Dkt. 33] and Strike Fraud Through Omission Claim" (##34, 35).

**DISCUSSION**

**A. Motion to Strike Fraud Through Omission (#35)**

While the original Order (#24) erroneously stated that leave to amend would be granted despite the dismissal with prejudice of the fraud through omission claim, the Court clarified (#28) and issued an Amended Order (#29) stating that Plaintiff would not be granted leave to amend the fraud through omission claim. Therefore, Defendants' request that the fraud through omission claim be stricken shall be granted.

**B. Motion to Dismiss Amended Complaint**

1. Legal Standard

Courts engage in a two-step analysis in ruling on a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### 2. Breach of the Covenant of Good Faith and Fair Dealing

Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). This duty requires each party not to do anything to destroy or otherwise injure the rights of the other to receive the benefits of the contract. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923 (Nev. 1991). To prevail on a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (I) the plaintiff and defendants were parties to a contract; (ii) the defendant owed plaintiff a duty of good faith and fair dealing; (iii) the defendant breached the duty by performing in a manner unfaithful to the purpose of the contract; and (iv) the plaintiff's justified expectations were denied. *Fitzgerald*, 2011 WL 2633502 at *6 (citing *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995)).

Plaintiff alleges that Countrywide "lur[ed]" Plaintiff into the mortgage and breached the covenant of good faith and fair dealing by continuing to collect on said loan, and by "wrongfully declaring [Plaintiff] was qualified based on the anticipated future equity in the home." (Am. Compl. ¶ 13 (#33).) Plaintiff has not shown that Countrywide breached the covenant of good faith and fair dealing while negotiating the loan, as the covenant only applies "after a binding contract is formed." *Centerville Builders, Inc. v. Wynne*, 683 A.2d 1340, 1342 (R.I. 1996). Nor does continuing to collect on the loan breach the implied covenant of good faith and fair dealing, as the contractual terms provide for payment by Plaintiff.

Plaintiff further alleges that Countrywide and MERS violated the covenant by representing that MERS is the beneficiary, which was "false and misleading and make [sic] in bad faith." (Am. Compl. ¶ 14 (#33).) In *Edelstein v. Bank of New York Mellon*, the Nevada Supreme Court made several rulings concerning foreclosures in cases where MERS is listed

4

as a nominee for the lender and the beneficiary under a deed of trust. *Edelstein*, — P.3d ----, 2012 WL 4461716, at *5-8 (Nev. Sep. 27, 2012). The Nevada Supreme Court ruled that the use of MERS does not irreparably split the note and the deed of trust, and recognized MERS as the proper beneficiary due to the plain language of the deed of trust. *Id.* at *6-9. The Court explicitly held that "MERS is capable of being a valid beneficiary of a deed of trust, separate from its role as an agent (nominee) for the lender." *Id.* at *9.[2] Plaintiff also alleges that Countrywide breached its duty by offering modifications without any authority to do so, because Countrywide was not the holder of the note. This allegation is contradicted by the loan modification entered into by Countrywide and Plaintiff, which lowered her monthly payments. (Modification Agreement, Ex. F[3] (#34-6).)

Plaintiff's other allegations also fail to allege a breach of the covenant of good faith and

---

[2] The Court also held that such separation "prevent[s] enforcement of the deed of trust through foreclosure unless the [promissory note and the deed of trust] are ultimately held by the same party." *Edelstein*, 2012 WL 4461716, at *9. While this ruling is irrelevant to Plaintiff's breach of the implied covenant of good faith and fair dealing, the Court considered whether the *Edelstein* ruling prevents the foreclosure in this case. In *Edelstein*, the Nevada Supreme Court appears to find that when MERS is designated the beneficiary of the deed of trust, the note and the deed of trust are initially split, and enforcement of the deed of trust through foreclosure may only occur once the two documents are held by the same party. *Id.* at *8-9 (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011). In *Edelstein*, the foreclosing party was assigned both the beneficial interest in the deed of trust and the note by MERS, as agent for the lender, and therefore the Nevada Supreme Court held that the foreclosing party was entitled to enforce the note. *Id.* at *10. In the present case, Countrywide remained the lender, ReconTrust was and is the trustee on the deed of trust, and MERS holds the beneficial interest in the deed of trust as well as being the agent of Countrywide. The Nevada Supreme Court was not considering what occurs when the promissory note and the deed of trust remain split at the time of foreclosure. *Id.* at *11 n.14. In *Cervantes*, which *Edelstein* cites, the Ninth Circuit found that although a foreclosing trustee must have the authority to act as the holder, or agent of the holder, of both the deed and the note together, the split between note and deed of trust "only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." *Cervantes*, 656 F.3d at 1039, 1044. While *Edelstein* might appear to prohibit the foreclosure in this action, *Edelstein* did not concern a case in which MERS holds beneficial interest as agent of the original lender, and the foreclosing trustee was the original trustee under the deed of trust. If the Nevada Supreme Court confronts that issue, it may agree with *Cervantes* that the split herein is not fatal to a foreclosure because MERS is an agent of the lender.

[3] The Court takes judicial notice of relevant publicly recorded documents to the motion to dismiss. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under FED. R. EVID. 201).

fair dealing, and because leave to amend has been granted once, we find that further leave to amend would be futile, and dismiss this claim with prejudice.

### 3. Fraud in the Inducement

In order to state a claim for fraud in the inducement, a plaintiff must show: (1) a false representation made by defendant; (2) defendant's knowledge or belief that the representation was false, or insufficient knowledge to make such representation; (3) defendant's intention to therewith induce plaintiff to consent to the contract's formation; (4) plaintiff's justifiable reliance upon the misrepresentation; and (5) damages resulting from such reliance. J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc., 89 P.3d 1009, 1018 (Nev. 2004). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements, a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. See Yourish v. Cal. Amplifier, 191 F.3d 983, 993 n. 10 (9th Cir. 1999). In a case with multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff's fraud in the inducement claim is barred by the three-year statute of limitations period for fraud. *See* NEV. REV. STAT. § 11.190(3)(d). Plaintiff did not file her complaint until nearly six years after she entered into the loan agreement. Plaintiff has not pled any facts that suggest equitable tolling should apply.

### 4. Diversity Jurisdiction

Rather than responding to the arguments in Defendants' motion to dismiss and to strike (##34, 35), Plaintiff brings up a possibly jurisdictional issue. Plaintiff suggests that a recent Ninth Circuit case, *Nevada v. Bank of America Corporation*, 672 F.3d 661 (9th Cir. 2012) ("Nevada v. BoA"), requires that the Court remand this action to state court. In *Nevada v. BoA*, the Ninth Circuit found that the Nevada Attorney General's *parens patriae* action in state court

to enforce its own state consumer protection laws, alleging only state law causes of action, should be remanded to state court as Nevada's "strong sovereign interest in enforcing its state laws ... in the courts of its own state weighs in favor of remand." *Nevada v. BoA*, 672 F.3d at 676. *Nevada v. BoA* is inapposite to the present action, which is a wrongful foreclosure case brought by a Nevada citizen and removed on the basis of diversity jurisdiction.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss Amended Complaint and Strike Fraud Through Omission Claim (##34, 35) is **GRANTED**. Plaintiff's claims for breach of the covenant of good faith and fair dealing and for fraud in the inducement shall be **DISMISSED WITH PREJUDICE**. Plaintiff's claim for fraud by omission is **STRICKEN**.

The Clerk shall enter judgment accordingly.

DATED: This 19th day of October, 2012.

_____
United States District Judge